The opinion of the Court toas delivered by

Mr, Justice Johnson.

*40 There is no doubt that the motion to set aside the proceedings in this case, would have availed the defendant, if it had been made at a proper time, and under the circumstances which existed at the issuing of the writ. The act on which this proceeding is founded, requires that the plaintiff shall give a bond in double the amount sued for, to prosecute his attachment to effect: and the case of Hughes, vs. Thomas, decided by this court, is decisive on the point, that the damages laid in the writ is the sum sued for; and the bond ought to be in double that amount. But it is equally clear, that the motion comes too late after appearance and plea to the merits.
The general rule is, that, by appearing and pleading to the action, the defendant waives all exceptions- to the form of regularity of the writ. 1st Constitutional decisions, 104, Smith, vs. Allston: Vance vs. Findly, 1st Nott and M'Cord, 578.-3 Crunch, 496. 2d Nott and M‘Cord, 64, 439.
The writ of attachment, although a sort of proceeding in rem, like any other original writ, is intended to bring the defendant into court, and if he does appear and plead to the merits, like every other, it is functus officio. Its peculiar character is lost, and from thence the proceeding is merely personal and must be governed by the same rules. The defendant did appear and plead; and according to the rule, all objections to the regularity of the writ were waived and cannot now avail the defendant.
I will now proceed to notice the grounds taken for a new trial.
1st. The court clearly had not the power to discharge the bail; his contract imposed a legal liability, over which the court possessed no more control, than it would over a debt which he owed, when the payment was demanded. The plaintiff might have released, or the bail might have surrendered the principal, and thus have been rendered competent; and why this last course, which was in the power of the defendant, was not resorted to, can only be accounted for, by supposing, that it was overlooked by the counsel; if indeed the evidence of this witness was of much importance; but their oversight ought not to be considered as an error of the court, and can’t therefore avail the defendant."
*41 2d. The rule which excludes the declarations of third persons, as incompetent and inadmissible evidence, will not be cor.* troverted, nor will its application to declarátiohá made by a slave, who by the laws of this state iá excluded - from giving evidence, be denied. But if we recur to the evidence which is the foundation of this ground of the motion, it will be clearly seen that it has no 'application. The question iii issue wa;q whether the negro slave sold by the defendant, was sound of unsound; and the witnesses examined as- to this point, tell you, that directed by her, they detected at once the presence’ of a disease which materially impaired her value; or in othei1 words, that in consequence of her complaints, they discovered a hernia of an unusually large extent, which constantly endangers her life. In such a case, the complaints, or declarations, if they may he so termed, are mere matters of inducement; they are the drapery with which the truth is surrounded, 'and through which we must look to discover its form and subáídifré. There is another view of this subject, which to my mind is equally conclusive, and which applies to all cases of this sort. Sucia evidence is, I think, admissible of necessity. In diseases less strongly marked, than that complained of ha this case, it would be mapossiblc to give character to it, without the aid ■of such circumstances. In vain would a patient call üpoñ 3i3§ physician for assistance and relief, if he was not permitted to point out to him the seat of his pain or the symptoms of his disease; and it is from these indicia only, that he is able to fix the character of the disease, and apply the- reanedy, and for the saane reason that they are necessary to him, we must admit them. No evil can possibly resnlt 'from such a principle; for if unattended by any external symptoms of disease, they never could gain credit. Whatever might be the declarations or complaints, no one would be accreditedvfor them who exhibited ■all the appearances of robust health and vigor, without the most palpable demonstration of an existing disease, (a)
*42 3. The last ground is general and has not been applied r« ány particular object, and so far as tbe merits are concerned, is clearly without foundation.
The motions arc refused —
JYott, Richardson, Unger and Gantt, Justices, concurred.

 The complaints uttered by a sick person seem to be among the symp* toms and consequences of disease, and clearly admissible on the principle which admits the declarations of parties or third persons, as forming a part oí the re$ gesta. In the case of Aveson vs. Kennaird, et al. Lord Ellenborough.» deciding that the statements of a woman with respect to her Health should be received, observes, “ if Che inquiries of patients by medical men with .the an? *42 swersto them: are evidence of the state of health of the patients at the time, this must be evidence. What were the complaints, what the symptoms, what the conduct of the parties themselves at the time, are always received in evidence upon such inquiries, and must be resorted to fromi the very nature of the thing.” Lawrence, justice, in the same case, “ it is in every days experience iff actions of assault, that what a man has said of himself to his surgeon is evidence to shew what he suffered! by the assault.”
In an action on the case, for giving the plaintiff a close in some toddy, the-plalntiff’s mother was allowed to give in evidence what the plaintiff" had said the next morning, to shew the effects oi the dose. 1 Root, 80.
See Hoare, vs. Allen, 3 Esp. Ni. Pri. Ca. 276: Thompson and Wife, vs. Trevannion, 5 T. R. 612.
“ So where the issue is on the legitimacy of the plaintiff or defendant it seems-tlie practice to admit evidence of what the parties have been heard lo say, as to their being married or not married; and with reason,for the presumption arising from the cohabitation is either strengthened or destroyed by such. declarations, which are not lo be given in evidence directly, but may be assigned by the witness as a reason of his belief one way or other.” Bull. Mi. Pri. 294-_